NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RAYMOND HENDERSON,

                Plaintiff,

    v.

STATE OF NEW JERSEY *et al.*,

                Defendants.

Civ. No. 20-12949

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Second Application to Proceed *In Forma Pauperis* filed by Plaintiff Raymond Henderson ("Plaintiff"). (ECF No. 3.) For the reasons stated herein, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted, but the Complaint (ECF No. 1) is dismissed.

## BACKGROUND

On September 8, 2020, Plaintiff filed the Complaint (ECF No. 1) and an Application to Proceed *In Forma Pauperis* (ECF No. 1-1). The Court denied Plaintiff's Application because it did not include a certified copy of Plaintiff's inmate trust fund account statement indicating the balance of his account. (ECF No. 2.) Plaintiff filed a Second Application, which the Court received on December 3, 2020. (ECF No. 3.)

Plaintiff is a pretrial detainee housed at Mercer County Correctional Center ("MCCC").

(Compl. at 2–3, ECF No. 1.)[1] Plaintiff names five Defendants in the Complaint: MCCC, the

State of New Jersey, Governor Phil Murphy, MCCC Warden Charles Ellis, Attorney General

Gurbir Grewal, and Jared Maples, Director of the New Jersey Office of Homeland Security and

Preparedness (collectively, "Defendants"). (*Id.* at 1.) Plaintiff brings claims pursuant to 42

U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments. (*Id.* at 2.)

Plaintiff's claims arise out of conditions in MCCC related to the COVID-19 virus. It

appears that Plaintiff contracted the virus at some point during his period of incarceration. (*See*

Statement of Facts at 1–2, ECF No. 1-2.)[2] Most of Plaintiff's allegations seem to apply to all

inmates at MCCC. Plaintiff takes issue with Warden Ellis' alleged failure to adhere to the

Supreme Court of New Jersey's Consent Order No. 08420, which ordered the release of certain

pretrial detainees in response to the COVID-19 pandemic. (*Id.* at 3.) He alleges that Warden Ellis

has not been truthful regarding MCCC's response to the virus and has not complied with public

health guidelines for infected inmates and staff. (*Id.* at 3–7.) Specifically, he states that when an

MCCC Officer tested positive for COVID-19 last March, no inmates, including an inmate who

had contact with the Officer, were notified. (*Id.* at 4–6.) Plaintiff also suggests that the virus is a

kind of "silent war-risk hazard," and makes general statements regarding the death penalty. (*Id.*

at 7–8.) Finally, Plaintiff suggests that he did not provide his consent to be tested for COVID-19,

and his signature approving the test was "fraud[ulent]." (*Id.* at 8.)

---

[1] The page numbers to which the Court refers are the CM/ECF page numbers.
[2] The page numbers to which the Court refers are the CM/ECF page numbers.

## LEGAL STANDARDS

### I.   Application to Proceed *in Forma Pauperis*

To be eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must

file an application to proceed *in forma pauperis*, including an affidavit stating all income and

assets, the plaintiff's inability to pay the filing fee, the "nature of the action," and the "belief that

the [plaintiff] is entitled to redress." *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7

(D.N.J. Jan. 30, 2007).

Under § 1915, a complaint may be subject to *sua sponte* dismissal if the complaint is

frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from

defendants who are immune from such relief.  *See* § 1915(e)(2)(B). A court reviewing an *in

forma pauperis* application "has the authority to dismiss a case 'at any time,' . . . regardless of

the status of a filing fee; that is, a court has the discretion to consider the merits of a case and

evaluate an [*in forma pauperis*] application in either order or even simultaneously." *Brown v.

Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the Prisoner

Litigation Reform Act altered the two-step framework under § 1915 described in *Roman v.

Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). "The legal standard for dismissing a complaint for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for

dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v.

Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### II.   Failure to State a Claim

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

"The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## DISCUSSION

Plaintiff's Second Application to Proceed *In Forma Pauperis* is sufficient under § 1915(a). Plaintiff provides a certified copy of his inmate trust fund account statement for the previous six months signed by the appropriate prison official. (*See* 2d Appl. at 3–4, ECF No. 3.)[3] It appears that Plaintiff has $7.15 in his inmate trust account and an income of about $100 per month. (*Id.* at 4.) Considering these circumstances, the Court grants Plaintiff's Second Application to Proceed *In Forma Pauperis*.

---

[3] The page numbers to which the Court refers are the CM/ECF page numbers.

Upon review of the Complaint, however, the Court recognizes deficiencies that warrant dismissal of this case. Specifically, Plaintiff's statement of facts is insufficient to support a plausible legal theory of liability. As a preliminary matter, Plaintiff cannot bring a claim under the Eighth Amendment because he is a pretrial detainee who has not yet been convicted of a crime or sentenced. *See Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005). Moreover, the Complaint does not make out a claim under the Fourteenth Amendment's Due Process Clause. Although a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law, *see Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979), pretrial detention that is reasonably related to a legitimate governmental objective, such a securing a defendant's appearance or protecting the public, does not amount to punishment, *see United States v. Salerno*, 481 U.S. 739, 742 (1987). It follows, then, that detention that is not reasonably related to a legitimate goal or is arbitrary or purposeless may be constitutionally prohibited punishment. *See Bell*, 441 U.S. at 539.

Plaintiff does not provide any information regarding the circumstances of his own detention, such as how long he has been detained, the crime he has been charged with, or why his detention does not serve a legitimate goal or is arbitrary and purposeless. Rather, most of Plaintiff's statements are general and appear to apply to all inmates at MCCC. Plaintiff discusses the Supreme Court of New Jersey's directive to release certain individuals in response to the threat posed by COVID-19, but does not allege that he is being held in contravention of that Order. (*See* Statement of Facts at 1–4.) Plaintiff asserts that Warden Ellis failed to notify inmates at MCCC when a Corrections Officer tested positive for COVID-19, but his allegations focus on the experience of another inmate named Wendell Johnson who had been in sustained contact with the Officer. (*Id.* at 4–6.) While these factual allegations may be relevant to a claim brought

5

by Mr. Johnson, they do not explain how Defendants' conduct led to Plaintiff's constitutional injury. Plaintiff also states that he is not being treated for COVID-19 despite an apparent positive test. (*Id.* at 1.) However, Plaintiff provides no information regarding the alleged denial of medical treatment beyond this singular statement, which alone is insufficient to support a Fourteenth Amendment claim.

Accordingly, the Court must dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, will grant Plaintiff leave to amend the Complaint to cure the Complaint's deficiencies within thirty (30) days from the entry of the Court's accompanying Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted, but the Complaint (ECF No. 1) is dismissed. An appropriate Order will follow.

Date: 2/9/21

ANNE E. THOMPSON, U.S.D.J.